*Seghers* for plaintiff, *Moreau & Soule* for defendant.

---

## BEARD vs. PIJEAUX.

APPEAL from the court of the parish and city of New-Orleans.

Judgment obtained by the wife against the husband, is evidence of the debt in an hypothecary action.
But where the answer charges the judgment to have been obtained through fraud and collusion, the wife must give evidence to prove it was *bona fide.*

PORTER, J. delivered the opinion of the court. The plaintiff seeks, by this action, to enforce an hypothecary right, arising out of claims against her husband, in a slave once owned, and sold by his heirs to the defendant.

The general issue is pleaded, and title set up to the slave, on the ground that the defendant paid the vendor of the husband, the price which the latter had contracted to give

for the property when he acquired it. There is a further allegation, that the judgment which the plaintiff had obtained against her husband, was obtained by fraud and collusion.

There was judgment for the plaintiff, and the defendant appealed.

The defendant excepted to the opinion of the judge, permitting the plaintiff to offer as evidence of the debt due by the husband, the judgment which the wife had obtained against him, in a suit where in a separation of property had been decreed, and the amount of her estate received by him, liquidated. In this opinion, however, we can perceive no error. The law makes the judgment against the debtor, evidence on which the hypothecary action may be instituted, and makes no distinction between that rendered where the wife is creditor, and any other person.

The plaintiff then introduced her brother, who deposed that he had seen Morel pay to the husband, the wife's part, in a sum of money by him received from the sheriff, on account of the plaintiff's ancestor. That Morel wrote a receipt, which the plaintiff's husband signed. To this testimony the defend-

ent excepted, and we think the court erred in admitting it. The receipt of the husband was higher evidence, and it should have been produced, or the want of it accounted for, before inferior testimony was admitted.

The first question for our consideration on the merits, is the effect which ought to be given to the judgment rendered between the wife and husband. The answer avers it was obtained through fraud and collusion.

No evidence of the fraud and collusion was given by the defendant. She insists, however, on not being compelled to furnish it, and contends, that the moment the validity of the judgment is put at issue, by a plea, such as that presented in this case, the plaintiff is bound to offer proof of the truth of the facts on which it purports to be based. The general rule of evidence, founded on the familiar maxim *ei incumbit probatio cui dicit, non cui negat,* is opposed to this position. And at first blush, no good reason is perceived, why the allegation of fraud, should form an exception, more especially where applied to the judgment of a court. But when the subject is looked at a little more closely, it will be seen that the charge of collusion involves a

negative, and must be governed by the rules relating to allegations of this description. The plea is in these words. "This defendant expressly denies that the said Lecesne ever received any money belonging to his wife, and she maintains that the judgment rendered in favor of the latter, was obtained by fraud and collusion." The whole of this sentence taken together, clearly presents the idea of the fraud and collusion, consisting in confessing judgment, or in permitting it to be rendered for a sum due to the wife, which in fact never had been received by the husband. Such a plea contains a negative, and the burthen of proof must be on the party who denies the judgment was collusively rendered, because the assertion of his adversary is not susceptible of proof. Take the case either of no money received, or a less sum than the parties confessed had been paid. Place the burthen of proof on the person denying it, and we would have as a consequence, that though the fraud might exist, it never could be established, for it would be impossible for the party against whom the judgment was offered, to prove the money had *not* been paid

This doctrine receives additional force in this case, from the jealousy with which our law views all acknowledgments from the husband to the wife, admitting the receipt of money. It is expressly declared, that they do not make evidence against persons not parties to them, unless supported by other circumstances. The judgment rendered between them, should not have more force than the confession of the husband in a public act, because that confession would authorise the court to render judgment against him at the suit of the wife.

There being no other evidence of money received by the husband of the plaintiff, than that offered by the judgment obtained against him, we think the judge erred in sustaining the action.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that there be judgment against the plaintiff as in case of nonsuit, with cost in both courts.

*Seghers* for plaintiff, *De Armas* for defendant.